UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**Advance Sign Group, LLC,**

        **Plaintiff,**

-V-                                                       Case No.:  2:07-cv-380
                                                                          JUDGE SMITH
                                                                          Magistrate Judge Kemp

**Optec Displays, Inc.,**

        **Defendants.**


## OPINION AND ORDER

This matter is before the Court on Defendant and Counter-Claimant, Optec Displays, Inc.'s Motion to Bifurcate (Doc. 41).  Plaintiff Advance Sign Group, LLC, has filed a Memorandum in Opposition (Do. 42) and the motion is now ripe for review.  For the reasons that follow, the Court **DENIES** Defendant's Motion to Bifurcate.  Defendant also requested the Court conduct a hearing on this issue which is **DENIED**.

## I.   BACKGROUND

This case arises out of a contractual relationship between Plaintiff Advance Sign Group, LLC ("Advance Sign") and Defendant Optec Displays, Inc. ("Optec").  Optec approached Advance Sign in mid-2005 and offered them the opportunity to become an exclusive dealer of Optec's Electronic Message Centers ("EMCs").  Optec never sold its EMCs to end users, rather, it used its exclusive dealers to sell the EMCs to end users.  Advance Sign agreed to become an exclusive dealer for Optec's products and to market Optec's EMCs to its retail restaurant

customers. In return for Advance Sign's agreement to be an exclusive dealer, Optec agreed to sell its EMCs to Advance Sign at a substantially discounted cost, with Advance Sign to resell the EMCs to its customers at a mark-up of at least 25%.

Advance Sign arranged for demonstrations of Optec's EMCs and introduced Optec to its customers. Advance Sign only introduced Optec to its customers because Optec repeatedly stated that Advance Sign was Optec's exclusive dealer for EMCs and that Optec did not sell its EMCs directly to end users. However, after being introduced to Advance Signs' customers, Optec solicited Advance Sign's customers directly and sold the EMCs to Advance Sign's customers to the exclusion of Advance Sign. Optec's efforts were successful, as Optec has done tens of millions of dollars of business with Advance Sign's customers without paying Advance Sign anything for their efforts to introduce Optec to their customers. Optec refused to pay any compensation to Advance Sign and has further caused Advance Sign's customers to terminate their relationships with Advance Sign. As a result, Advance Sign initiated this action on April 30, 2007.

## II.   MOTION TO BIFURCATE

Defendant Optec Displays requests the Court bifurcate the liability and damages portions of the trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Rule 42(b) specifically states:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Rule 42(b) therefore authorizes a court to bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is the exception to the general rule that disputes should be resolved in a single

proceeding.  *See, e.g., Monaghan v. SZS 33 Assocs.*, L.P., 827 F. Supp. 233, 246 (S.D.N.Y. 1993); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).  A decision on bifurcation should be grounded in the facts and circumstances of each case.  *See Saxio v. Titan-C-Mtg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).  The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court.  *Id.*  In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."  *Wilson v. Morgan*, 477 F.3d 326, 329 (6th Cir. 2007) (*quoting Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).  Federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course."  Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2nd Ed. 1999); *see also Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996).

      Defendant asserts that bifurcation of the liability and damages portions of the trial is necessary to prevent the discovery of information that Defendant claims is only relevant to the issue of damages and is business sensitive and could effect their trade secrets, privacy and ability to conduct business.  Defendant is concerned that Plaintiff could use the information obtained through discovery for other purposes than just litigation.  Defendant further argues that there is no way to police Plaintiff and the opportunity to share the documents.  Defendant does not cite any caselaw in support of its arguments, nor does it discuss the potential prejudice to Plaintiff and the potential for inconvenience and inefficiency if the case is bifurcated.

Plaintiff argues that the information sought through discovery is highly relevant to both liability and damages.  Therefore, Plaintiff asserts that it would be inconvenient and inefficient for the Court to bifurcate the trial as the contracts at issue would be used in both the liability and damages phases of the trial.  Plaintiff further asserts that the purpose of Defendant's motion is to prevent discovery of relevant information.  Plaintiff states that if Defendant were truly concerned with confidential information, it has offered to enter into a protective order to prevent the distribution of the contract to others and to protect the confidentiality of the agreement.

The Court finds that Defendant has not demonstrated that it will be unfairly prejudiced by producing the documents and proceeding with discovery of all issues, including damages.  The Court additionally finds that bifurcating the liability and damages portions of the trial would create a significant hardship to both parties.  Accordingly, the interests of judicial economy favor hearing the liability and damages portions of the trial at one time.

Further, the Court agrees with Plaintiff in that there are ways to protect the information exchanged in discovery if that is truly Defendant's concern.  Plaintiff has expressed a willingness to enter into a protective order, and the Court believes this would address all of Defendant's concerns.  If the parties encounter any discovery disputes, including any concerns with the violation of the protective order, the magistrate judge should be contacted to address the discovery issues.

## III.  CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Defendant's Motion to Bifurcate. The parties are instructed to contact Magistrate Judge Kemp's chambers to discuss any outstanding scheduling and/or discovery issues in this case.

The Clerk shall remove Document 41 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**