# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ADVANCE SIGN GROUP, L.L.C.,**

    **Plaintiff,**

v.

**OPTEC DISPLAYS, INC.,**

    **Defendant.**

**Case No. 2:07-CV-380**
**JUDGE SARGUS**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

Presently before the Court are Plaintiff's Motions in Limine to: Preclude Defendant from Introducing Evidence Requested, but not Produced, in Discovery (Doc. 90); Preclude Defendant from Arguing it has Suffered Damages as a Result of Plaintiff's Conduct (Doc. 91); and Preclude any Reference to Defendant's Rationale for Breaching its Contract with Plaintiff (Doc. 92.) For the reasons set forth herein, the motion related to Defendant's damages (Doc. 91) and the motion related to the rationale for breaching the contract (Doc. 92) are **DENIED**. Further, Plaintiff's motion related to documents produced in discovery (Doc. 90) will be referred to Magistrate Judge Kemp.

## I.

This matter arises from a contractual dispute between Plaintiff Advance Sign Group ("ASG") and Defendant Optec Displays, Inc. ("Optec"). ASG is an Ohio limited liability company involved in designing, fabricating, installing, and servicing signs throughout the United States. (Compl. ¶ 1.) Optec is a California corporation involved in the manufacture and sale of signs known as electronic messaging centers ("EMCs"). (Compl. ¶ 2.) According to ASG, in 2005, the Parties entered into a contract whereby ASG would become the exclusive reseller of

Optec's EMCs to retail restaurants. (Compl. ¶¶ 8–9.) Alleging that Optec breached the Parties' purported agreement by selling directly to customers introduced to Optec by ASG, ASG brings claims for breach of contract, unjust enrichment, and tortious interference with business relationships.

Optec denies that a contract making ASG the exclusive dealer of Optec EMCs was ever formed, and brings counterclaims for breach of contract, detrimental reliance, negligence, and unjust enrichment. Optec asserts that ASG purchased seven EMCs for resale to D.L. Rogers, Inc., a franchisee of Sonic fast-food restaurants, but that ASG failed to pay Optec the balance of the money owed for the purchase. (Countercl. ¶¶ 6–12.)

## II.

Turning first to ASG's motion in limine related to document production, as this motion relates primarily to issues of discovery, the Court will refer the Parties to Magistrate Judge Kemp for resolution of this motion before trial.

## III.

The Court next considers ASG's motion to preclude Optec from arguing that it has suffered damages. According to ASG, Optec should be precluded from raising the issue of Optec's alleged damages with the jury because the facts are undisputed that Optec did not suffer damages in its transaction with ASG for the purchase of the seven EMCs. Optec responds by contending that ASG's motion is a veiled attempt to dismiss Optec's counterclaims masquerading as a motion in limine.

The Court agrees with Optec that ASG's motion is not well taken. "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to

eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3rd Cir. 1990). In essence, ASG's motion in limine regarding damages asks the Court to grant summary judgment to ASG on Optec's counterclaims through ruling that Optec is legally precluded from recovering damages. However, a motion in limine is not the proper mechanism for a party to seek a grant of summary judgment. *See id.* at 1069–70; *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). Accordingly, ASG's motion in limine regarding the issue of Optec's damages is denied.

## IV.

For similar reasons, the Court also denies ASG's Motion in Limine to Preclude any Reference to Defendant's Rationale for Breaching its Contract with Plaintiff. ASG's motion correctly states that a party's rationale for breaching a contract is ordinarily not relevant to an action for breach of contract. However, the issue of whether a contract actually was formed whereby ASG would become an exclusive dealer of Optec EMCs is central to this case. ASG's motion assumes that this contract exists, while Optec contests this issue, and apparently will defend itself at trial by arguing that there never was such a contract. As stated *supra*, a motion in limine is not an appropriate mechanism for determining the merits of an action. Further, the evidence that ASG characterizes as rationale for breaching the alleged contract is of the type that Optec represents it will use to establish that no contract existed.

The jury in this case must decide whether a binding agreement was entered into by the Parties. However, the Court will instruct the jury that, if a contract was found to have been formed as claimed by ASG, the jury cannot consider, as a defense to liability, a party's rationale for breaching the contract.

3

**IT IS SO ORDERED**

2-25-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4