IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADVANCE SIGN GROUP,
L.L.C.,

        Plaintiff,

   v.

OPTEC DISPLAYS, INC.,

        Defendant.

Case No. 2:07-CV-380
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## ORDER

Presently before the Court is Defendant's Motion for a Stay of Execution on the Judgment (Doc. 138). Upon completion of the jury trial in this matter, the jury awarded Plaintiff a judgment of approximately $4.5 million. Plaintiff subsequently initiated proceedings to execute on that judgment (Doc. 130), and Defendant has moved for judgment as a matter of law (Doc. 134) and for a new trial (Doc. 135).

Pursuant to Federal Rule of Civil Procedure 62, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" motions for judgment as a matter of law and motions for a new trial. FED. R. CIV. P. 62(b). Defendant, however, has represented that it will be unable to post security during the requested stay. In the context of supersedeas bonds posted as security for appeals, the Sixth Circuit has recognized that a trial court does not abuse its discretion by requiring no security in situations where a Defendant's ability to satisfy a judgment is beyond question. *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (case involved approximately $200,000 in damages, interest, and costs while Defendant's annual revenues were approximately $2.5 billion).

Defendant urges the Court to excuse it from the requirement of posting security on the ground that its ability to pay is also obvious. In support of its request, Defendant represents that, in the past five years, it has generated revenues of between $20 and $50 million each year. However, in the Court's view, these figures do not establish such a plain ability to satisfy the judgment to excuse the usual requirement of posting security. In this regard, the $4.5 million judgment represents a much higher percentage of Defendant's historical annual revenue than that present in *Arban*. Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**

6-13-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**